UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LUIS SERGIO CAMACHO,

                Plaintiff,                            **ORDER**

      -against-                              22 Civ. 1156 (AEK)

THE BARRIER GROUP INC.,
SUB ENTERPRISES INC. d/b/a DRIP DROP
WATERPROOFING, and JOEL REICH,

                Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The Court has reviewed Plaintiff's submissions in support of his motion for a default judgment (ECF Nos. 69-72), and it is clear that there is not enough information in these submissions to substantiate Plaintiff's damages calculation. Proof of damages must be based upon admissible, authenticated evidence. *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (summary order); *see also Acharya v. Solanki*, No. 18-cv-8010 (MKV) (JLC), 2021 WL 4207042, at *1 (S.D.N.Y. Aug. 20, 2021) ("[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." (quotation marks omitted)). "An attorney affirmation that purports to calculate damages but fails to allege personal knowledge of the relevant facts or documents will not suffice to warrant an award." *Salamanca v. ABC Corp.*, No. 19-cv-1335 (RRM) (SIL), 2019 WL 8807843, at *3 (E.D.N.Y. Oct. 30, 2019), *adopted by* 2020 WL 2542497 (E.D.N.Y. May 18, 2020). "Rather, a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to establish damages with reasonable certainty." *Acharya*, 2021 WL 4207042, at *1 (quotation marks omitted). Given that the parties exchanged discovery

and were prepared to proceed to trial at the time that Defendants' counsel withdrew, the Court expects that Plaintiff will be able to substantiate his damages calculation with an affidavit from Plaintiff, and potentially with documentary evidence, without any undue hardship.

Additionally, to be awarded attorney's fees, Plaintiff's counsel "must submit adequate documentation supporting the requested attorneys' fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *see also, e.g.*, *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 324 (S.D.N.Y. 2014) ("In support of such an application the moving party must not only proffer an affidavit of counsel specifying the amount of time for which his client seeks such an award and the basis for the claimed hourly rate, but must also support the application with adequately detailed contemporaneous time records.").

By Friday, October 27, 2023, Plaintiff must supplement his submission with admissible evidence in support of his damages calculation and, to the extent Plaintiff is seeking attorney's fees, appropriate documentation to substantiate the request for fees. Plaintiff must serve these additional materials on Defendants that same day, and file proof of such service on the docket.

If additional time is required for these submissions, then in addition to requesting the extension for these submissions, Plaintiff also must request a short adjournment of the November 1, 2023 hearing on the order to show cause.

Dated: October 20, 2023
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge