UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LUIS SERGIO CAMACHO,

                       Plaintiff,                22 Civ. 1156 (AEK)

        -against-                **DECISION AND ORDER**

THE BARRIER GROUP INC., SUB
ENTERPRISES INC. d/b/a DRIP DROP
WATERPROOFING, and JOEL
REICH,

                    Defendants.

-------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Currently before the Court are (1) a motion by Defendants The Barrier Group Inc., Sub

Enterprises Inc. d/b/a Drip Drop Waterproofing, and Joel Reich (collectively, "Defendants") to

stay this matter during the pendency of Mr. Reich's criminal case, ECF No. 99; and (2) Plaintiff

Luis Camacho's motion to preclude Defendants from using documents that have not been

previously disclosed, and motion for additional monetary sanctions, both pursuant to Rule 37 of

the Federal Rules of Civil Procedure, ECF No. 100.

      For the reasons that follow, Plaintiff's motion to preclude is GRANTED, Plaintiff's

motion for additional monetary sanctions is DENIED IN PART AND DENIED WITHOUT

PREJUDICE IN PART, and Defendants' motion to stay is DENIED AS MOOT.

---

[1] On October 27, 2022, the Honorable Vincent Briccetti endorsed and docketed a fully
executed Form AO 85, "Notice, Consent, and Reference of a Civil Action to a Magistrate
Judge," in which the parties consented to the reassignment of this matter to a United States
Magistrate Judge in accordance with 28 U.S.C. § 636(c). ECF No. 34. This matter was then
reassigned to the undersigned.

## BACKGROUND

### A.    Procedural History of the Civil Litigation

Plaintiff initiated this action on February 19, 2022, bringing claims for alleged violations of the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act. *See* ECF No. 1 (Complaint); ECF No. 101 (Affirmation in Support of Plaintiff's Motion to Preclude ("Scher Aff.")) ¶¶ 4-5.  Defendants filed their answer on March 29, 2022, ECF No. 9, and the next day, Judge Briccetti—who was presiding over the case at that time—referred the parties to the Court's mediation program, ECF No. 11.  The mediation referral order required the parties to provide certain documents to facilitate the mediation, including "any existing records of wages paid to and hours worked by the Plaintiff (e.g., payroll records, time sheets, work schedules, wage statements and wage notices)" and "any existing documents describing compensation policies or practices."  *Id.*

Counsel for both parties appeared for an initial conference with Judge Briccetti on May 6, 2022, and following the conference Judge Briccetti signed and docketed a Civil Case Discovery Plan and Scheduling Order.  *See* Minute Entry dated May 6, 2022; ECF No. 17 ("Discovery Plan").  Pursuant to the Discovery Plan, the parties' initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure were to be exchanged by May 20, 2022, with all discovery to be completed by September 6, 2022.  Discovery Plan at 1, 2.  On July 12, 2022, the parties participated in a mediation with a Southern District of New York mediator; though they did not settle the case at the mediation, counsel reported that the parties had made "significant progress towards resolution."  *See* Minute Entry dated July 12, 2022; ECF No. 18.

Defendants' original attorney filed a motion to withdraw on August 22, 2022 due to "irreconcilable differences" between Defendants and counsel, *see* ECF No. 21 at ¶ 4; Judge Briccetti granted the motion to withdraw on August 25, 2022, ECF No. 25.  Defendants' second

counsel entered a notice of appearance on September 14, 2022, and appeared on behalf of Defendants at status conferences before Judge Briccetti on September 14, 2022 and October 19, 2022. *See* ECF Nos. 28, 29, 30. After the October 19, 2022 status conference, the parties consented to proceed before this Court for all purposes, and the case was reassigned to the undersigned on October 27, 2022. *See* ECF No. 34.

At the November 10, 2022 status conference, Defendants' counsel made clear on the record that from Defendants' perspective, the discovery period had ended and discovery should be considered closed. The Court then set a briefing schedule for Defendants' motion for summary judgment. *See* Minute Entry dated Nov. 10, 2022. Defendants did not file their motion by the January 11, 2023 deadline and did not request an extension of time by which to do so. *See* ECF No. 37. The Court held a status conference on January 31, 2023, at which Defendants' counsel confirmed that Defendants would not be filing a summary judgment motion after all; accordingly, the Court scheduled trial to begin on June 26, 2023, with pretrial submissions due on May 19, 2023. *See* Minute Entry dated Jan. 31, 2023. The Court also issued a second mediation referral order to facilitate further settlement efforts. *See* ECF No. 39. A second mediation with a mediator from the Court's mediation program was held on April 14, 2023, and while a subsequent mediation session was then scheduled for May 9, 2023, that mediation never took place. *See* Minute Entries dated Apr. 14, 2023 and May 11, 2023.

After receiving an extension request from counsel, the Court partially extended the pretrial submission deadline to May 26, 2023, *see* ECF Nos. 42, 43, but the parties missed this deadline and did not file the proposed joint pretrial order, proposed *voir dire* questions, proposed

requests to charge, and proposed verdict form until May 30, 2023.  *See* ECF Nos. 44-48.[2]

Among the items to be included in the proposed joint pretrial order was a list from each party of

any exhibits to be offered in the party's case in chief.  *See* Individual Practices of Magistrate

Judge Andrew E. Krause § 6.B.10.  As set forth in the Court's Individual Practices, "[a]bsent

extraordinary circumstances, a party may not offer in its case in chief any exhibit not listed in the

Joint Pretrial Order."  *Id.*  In this section of the proposed joint pretrial order, Plaintiff included

three potential trial exhibits—the Complaint, Plaintiff's "damage calculations," and "[t]he

Defendants' Discovery Document Production."  ECF No. 45 at 5.  Defendants did not list any

proposed exhibits for trial, though all parties expressly "reserve[d] the right to use any and all

documents on the above Exhibit List in their case in chief, for impeachment, or in rebuttal."  *Id.*

The Court held a status conference on May 31, 2023 and ordered further briefing by June

5, 2023 as to various issues that were discussed at the conference.[3]  *See* Minute Entry dated May

31, 2023.  On June 2, 2023, however, Defendants' second counsel moved to withdraw as

attorney for Defendants, citing "irreconcilable differences" that "make it impossible for said firm

to continue its representation of Defendants," and reporting that on June 1, 2023, counsel had

"received a termination letter from the client, stating that he desired to terminate the firm's

representation."  ECF No. 50 at 1.  At an in-person conference on June 13, 2023, the Court

---

[2] Plaintiff's counsel filed a motion *in limine* on May 19, 2023 (the original deadline for pretrial submissions), and Defendants' counsel filed an opposition to that motion on June 2, 2023.  *See* ECF Nos. 41, 51.

[3] New versions of the proposed joint pretrial order, proposed *voir dire* questions, proposed requests to charge, and proposed verdict form—revised only by Plaintiff's counsel, *see* ECF No. 54—were filed on June 5, 2023.  *See* ECF Nos. 55-58.  In the exhibits section of the proposed joint pretrial order, Plaintiff removed the Complaint and his damages calculations from the list of exhibits, and specified that he would seek to introduce time and pay records produced by Defendants, Bates stamped as "SUB ENTERPRISES 000296 through SUB ENTERPRISES 000544."  ECF No. 55 at 5.

granted counsel's motion to withdraw on the record; Mr. Reich was specifically ordered to appear at that conference, but failed to do so.  *See* ECF No. 63.  The trial date was adjourned to November 6, 2023.  *See* Minute Entry dated June 13, 2023.

Defendants were given until July 13, 2023 to find new counsel, and a status conference was set for that date in an attempt to keep the case moving forward.  *See* ECF No. 63.  But the conference was adjourned when Mr. Reich communicated to Plaintiff's counsel via email on July 10, 2023 that he had not yet retained new counsel and would be out of the country on July 10. *See* ECF No. 64-1 (email), ECF No. 65 (order adjourning conference to Aug. 10, 2023).  It was clear from this correspondence that Mr. Reich was aware of the litigation and his obligations. Nevertheless, Mr. Reich failed to appear at the August 10, 2023 and September 8, 2023 status conferences despite having been ordered to appear in person.  *See* ECF Nos. 65, 66; Minute Entries dated Aug. 10, 2023[4] and Sept. 8, 2023.  By order dated September 8, 2023, the Court authorized Plaintiff to seek entry of a default judgment against Defendants, and the proposed order to show cause and supporting documents were filed on September 27, 2023, ECF Nos. 69-72.  On October 6, 2023, the Court issued an order to show cause why a default judgment should not be entered against Defendants and scheduled a show cause hearing for November 1, 2023. *See* ECF No. 73.  Upon review of Plaintiff's submissions in support of his motion for a default judgment, however, the Court determined that there was not enough information included to substantiate Plaintiff's damages calculation, and ordered Plaintiff to supplement his materials. *See* ECF No. 76.  After multiple extensions, these supplemental filings were docketed on November 20, 2023.  ECF No. 83.  While Plaintiff's counsel was in the process of preparing the

---

[4] At the August 10, 2023 conference, the Court adjourned the November 6, 2023 trial date and did not set a new date for trial.  *See* Minute Entry dated Aug. 10, 2023.

additional submissions, Defendants' current counsel entered a notice of appearance on November 8, 2023.  ECF No. 80.

On December 27, 2023, counsel for all parties appeared for an in-person conference to discuss how to proceed.  The Court ordered that Plaintiff's motion for a default judgment be held in abeyance pending future proceedings.  *See* Minute Entry dated Dec. 27, 2023.  While there was some discussion of the criminal charges pending against Mr. Reich, Defendants did not request a stay of the civil litigation at that time[5], and the parties agreed to participate in a settlement conference with the Court on February 12, 2024.  *See id.*; ECF No. 90.

At the February 12, 2024 settlement conference, counsel for Defendants notified Plaintiff's counsel and the Court—for the first time—that Defendants were in possession of additional relevant documents (the "Records") that had not been previously produced, and which would purportedly be of critical significance to the defense of this matter.  *See* Scher Aff. ¶ 30.  No explanation was offered for why the Records had not been produced in the more than two years that this case had been pending.  The Court required Defendants to produce the Records by February 20, 2024 for settlement purposes only, *id.* ¶ 31, and reserved decision on the question of whether documents that had not been produced at the appropriate stages of the case would be allowed to be made part of the evidentiary record for any purpose other than settlement.  The Court ordered Plaintiff's counsel to file a letter by March 5, 2024 to report whether Plaintiff would seek to file a motion to preclude the use of the Records at trial.

On March 5, 2024, Plaintiff's counsel filed a letter to explain that Defendants had not produced the Records.  ECF No. 92.  The Court issued an order the next day directing

---

[5] The first time Defendants' current counsel ever spoke with Mr. Reich's criminal attorney was after the December 27, 2023 conference.  Mr. Reich's criminal attorney had not known about this pending civil matter before that call.  *See* ECF No. 103-1 ¶¶ 10-12.

Defendants to respond to the March 5, 2024 letter. Among other things, the order stated that "[t]he Court made clear that there would be no further tolerance for delay tactics or other bad faith conduct, and yet Defendants still have not complied with the Court's directives. The Court will determine the appropriate next steps after receiving the March 12, 2024 response, and will consider all appropriate measures, including the imposition of sanctions." ECF No. 93. In their response, Defendants' counsel confirmed that the Records exist, but contended for the first time that the Records could not be produced "because providing records relating to payroll practices at Mr. Reich's companies implicates Mr. Reich's Fifth Amendment privilege against self-incrimination." ECF No. 95. The Court held a status conference on March 20, 2024 to discuss the issues raised in the letters and set a briefing schedule for the instant motions. *See* Minute Entry dated Mar. 20, 2024.

After multiple extensions, Plaintiff's motion to preclude and motion for additional monetary sanctions, and Defendants' motion to stay, were fully briefed as of June 24, 2024. *See* ECF Nos. 99-104, 109-110. The Court ordered supplemental submissions based on the progress of Mr. Reich's criminal case while the motions were pending, *see* ECF No. 111, and those letters were submitted on October 18, 2024 and November 1, 2024, *see* ECF Nos. 114, 115.

**B.    Procedural History of the Criminal Case Against Mr. Reich**

On October 17, 2023, a criminal complaint was sworn out before the Honorable Victoria Reznik, charging Mr. Reich with one count of wire fraud in violation of 18 U.S.C. § 1343. *See* S.D.N.Y. Dkt. No. 24-cr-335 (KMK) at ECF No. 2. The complaint alleged that from in or about April 2020 through in or about December 2021, Mr. Reich "made false statements on applications for Small Business Administration ("SBA") loans, including loans pursuant to the Paycheck Protection Program (the "PPP") and the 7(a) Program, and submitted false and

fraudulent documents to banks and other lending institutions in order to obtain millions of dollars in SBA guaranteed loans and caused loan proceeds to be wire transferred in interstate commerce." *Id.* at pg. 1. Mr. Reich was arrested on October 18, 2023, presented before Magistrate Judge Reznik that same day, and released on bail conditions. *See* S.D.N.Y. Dkt. No. 24-cr-335 (KMK), Minute Entry dated Oct. 18, 2023.

While the parties were briefing the instant motions, the criminal case against Mr. Reich proceeded. On May 23, 2024, Mr. Reich waived his right to have his case presented to a grand jury and agreed to be charged by way of an information issued by the U.S. Attorney's Office for the Southern District of New York. *Id.* at ECF Nos. 20, 21 & Minute Entry dated May 23, 2024. The information charged Mr. Reich with participating in a conspiracy to defraud the United States government, in violation of 18 U.S.C. § 371; Mr. Reich pled not guilty to the charge in the information at his arraignment. *See id.* On July 17, 2024, Mr. Reich appeared again before Magistrate Judge Reznik for a change of plea hearing and entered a plea of guilty as to the charge in the information. *See id.* at ECF Nos. 25, 28, 29, 30 & Minute Entry dated July 17, 2024. Mr. Reich originally was scheduled to be sentenced by the Honorable Kenneth M. Karas on November 18, 2024, but Judge Karas adjourned the sentencing date to January 21, 2025 to allow for briefing on a disputed issue relevant to the sentencing. *See id.* at ECF No. 36. Those submissions were filed between November 13 and December 12, 2024. *See id.* at ECF Nos. 37-40.

**DISCUSSION**

I.      **Plaintiff's Motion to Preclude the Use of Materials That Were Never Disclosed During Discovery and Motion for Additional Monetary Sanctions**

    A.      **Legal Standards**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties are required to provide to the other parties, "*without awaiting a discovery request* . . . all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added). Further, Rule 26(a)(3) of the Federal Rules of Civil Procedure instructs that unless the Court orders otherwise, at least 30 days before trial, "a party must provide to the other parties and promptly file" certain specific information, including "an identification of each document or other exhibit" that it may present at trial. Fed. R. Civ. P. 26(a)(3)(A)(iii) & 26(a)(3)(B).

"When a party fails to meet their Rule 26 disclosure obligations, the court may impose sanctions under Rule 37. Rule 37(c)(1) provides that, '[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *ABKCO Music & Recs., Inc. v. Coda Publ'g, Ltd.*, No. 19-cv-11892 (KPF), 2022 WL 4536820, at *4 (S.D.N.Y. Sept. 28, 2022) (quoting Fed. R. Civ. P. 37(c)(1)). "The Rule further provides that, '[i]n addition to or instead of this sanction,' the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure," . . . "and 'may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.*

Courts recognize, however, that "preclusion is a harsh remedy that should be imposed only in rare situations." *New York City Transit Auth. v. Express Scripts, Inc.*, 588 F. Supp. 3d 424, 440 (S.D.N.Y. 2022) (cleaned up), *reconsideration denied*, No. 19-cv-5196 (JMF), 2022 WL 3577426 (S.D.N.Y. Aug. 19, 2022), *objections overruled*, No. 19-cv-5196 (JMF), 2022 WL 20056027 (S.D.N.Y. Oct. 12, 2022). "In determining whether preclusion or another sanction is appropriate, courts in this Circuit consider '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance.'" *Id.* at 440-41 (cleaned up) (quoting *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)).

**B.    Defendants' Failures to Disclose the Records During Discovery and Pretrial Preparations**

For more than two years—from the time this case was filed in February 2022 until they first raised the prospect of a stay of the litigation in March 2024—Defendants have continually conducted themselves in a manner that has delayed and obstructed the resolution of this relatively straightforward matter. Shortly after the parties reported significant process toward a resolution following the first mediation session, Defendants' first attorney was forced to withdraw. Later, after requesting a lengthy period of time to file a summary judgment motion, Defendants suddenly, and without explanation, opted not to move for summary judgment after all. Then, just days after pretrial submissions were filed with the Court, and just weeks before trial was scheduled to begin, Defendants fired their second counsel. For months thereafter, despite being fully aware of this matter and their Court-ordered obligations, Defendants did not appear for Court conferences and did not bother to retain new lawyers until the Court—having

10

extended substantial courtesies to Defendants in an effort to attempt to have this matter resolved on the merits—was on the verge of entering a default judgment.[6]

In what may have been a last-ditch attempt to finally take this civil litigation seriously, Defendants suddenly revealed in February 2024 that they supposedly have documents in their possession that would allow them to fully defend themselves against Plaintiff's allegations of repeated violations of federal and state wage and hour laws. But the time to disclose the Records had long since passed by then. To allow Defendants to introduce the allegedly critical Records to support their defenses at this late stage of the litigation would make a mockery of the Federal Rules of Civil Procedure and would amount to a judicial endorsement of Defendants' dilatory conduct. Accordingly, Plaintiff's motion to preclude the introduction of the Records must be granted.

To be clear, the Court's decision to preclude the introduction of the Records is not in any way based on Mr. Reich's invocation of his Fifth Amendment rights following the February 12, 2024 settlement conference. It is not necessary for the Court to reach the issue of whether there was ever any risk of self-incrimination from the production of the Records, because it was entirely too late for Defendants to do anything with the Records as of February 2024 anyway. Even though the timing of the invocation of the Fifth Amendment and the request for a stay of the civil litigation was curious, the Court accepts that Defendants' counsel raised the Fifth Amendment argument in good faith and not for the purpose of creating further delay. Ultimately that is not relevant to the consideration of Plaintiff's motions—preclusion of the Records is necessary and appropriate because of Defendants' conduct during the first 20 months of the civil

---

[6] Notably, Mr. Reich was not facing the federal criminal charges described above until the last three weeks of the approximately 21-month period outlined in this paragraph.

litigation, before any criminal charges were filed, and before current counsel for Defendants appeared in this matter.

* * * * * * * * * *

Defendants' failure to disclose the existence of the Records prior to the February 12, 2024 settlement conference violated their obligations under the Federal Rules of Civil Procedure. Defendants contend that Plaintiff has failed to put forth a sufficient argument for preclusion pursuant to Rule 37 because he has not shown that he propounded any discovery demands that would have required the production of the Records.  ECF No. 103 at 2.  This argument, however, is of no consequence.  Even without any discovery requests, the Federal Rules required Defendants to disclose the Records at multiple different stages of the litigation, and Defendants failed to do so.[7]

It is important to note that Defendants *did* produce at least 544 pages of records, nearly 250 pages of which consisted of time and pay records with Bates stamps suggesting that they came from the files of Defendant Sub Enterprises.[8]  *See* ECF No. 55 at 5 (referencing Plaintiff's intent to rely on "Defendants' Document Production of time/pay records"); *see also* ECF No. 45 at 5 (referencing Plaintiff's intent to rely on "Defendants' Discovery Document Production").  At the November 10, 2022 conference, Plaintiff's counsel stated that Defendants' first counsel had

---

[7] The only reference in any of Plaintiff's submissions to any prior discovery demands having been served on Defendants came in a single vague sentence in Plaintiff's reply affirmation, where counsel asserted that "Plaintiff served discovery on the old attorney in July 2022."  ECF No. 109 at 1.  If any discovery demands were, in fact, served on Defendants via counsel in July 2022, it would have been helpful for Plaintiff's counsel to explain the nature of those demands and the responses (if any) that Defendants provided, and to have attached copies of those demands as exhibits to one of the filings in support of the motion to preclude.  That said, even if there are such materials and explanations, they are not essential to the resolution of this motion.

[8] Inexplicably, neither side says anything about these materials in their briefing.

12

produced these in advance of the first mediation held on July 12, 2022.  The proper time to have provided the Records to Plaintiff was at the same time that these materials were provided, or at any time up to and including the deadline for submitting the joint pretrial order, which encompassed the required disclosures of Rule 26(a)(3).

First, the requirements of Rule 26(a)(1)(A)(ii) are unambiguous—each party must disclose the documents in that party's possession, custody, or control that the party may use to support its claims or defenses, "without awaiting a discovery request."  Based on Defendants' description of the purported importance of the Records, those documents clearly fall within the scope of what should have been disclosed at the earliest stages of the case pursuant to Defendants' Rule 26(a)(1)(A)(ii) obligations.[9]  The deadline for the parties' Rule 26(a)(1) disclosures was May 20, 2022, *see* Discovery Plan at 1, which means that Defendants' identification of the Records on February 12, 2024 was delinquent by approximately 21 months. Defendants make no attempt to explain their failure to comply with Rule 26(a)(1).

---

[9] Defendants' suggestion that Plaintiff is somehow at fault because counsel elected not to take depositions of Mr. Reich or any of the corporate defendants completely misses the mark. *See* ECF No. 103 at 5-7.  It was not Plaintiff's obligation to notice a deposition and ask questions that may have revealed the existence of the Records—it was Defendants' obligation to affirmatively disclose that information.

Second, Defendants' failure to disclose the Records was, at a minimum, inconsistent with the Court's March 30, 2022 mediation referral order. ECF No. 11.[10] That order directed the parties to "produce any existing records of wages paid to and hours worked by the Plaintiff (e.g., payroll records, time sheets, work scheduled, wage statements and wage notices)." *Id.* As noted above, nearly 250 pages of time and pay records were produced by Defendants prior to the mediation in response to this order, and to the extent that the Records are payroll documents that purportedly demonstrate why Defendants should prevail in this action, those materials should have been provided in time for the July 12, 2022 mediation as well. Instead, Defendants' first reference to these documents—at the third mediation session in this action—came exactly 19 months later, and was therefore long overdue. Defendants again make no effort to explain their failure to fully comply with the original mediation order.

Third, this matter originally was set for trial beginning on June 26, 2023. Defendants were aware of this—their prior counsel attended the conference at which the trial date was set, participated in the process of preparing pretrial submissions, attended the May 31, 2023 conference where the pretrial filings were discussed, and even filed an opposition to Plaintiff's

---

[10] The Court includes the failure of Defendants to fully comply with the mediation referral order here to provide a chronological listing of Defendants' missed obligations to produce the Records. Ultimately, because the mediation referral order is not quintessentially a "discovery order," Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure—which provides for sanctions "For Not Obeying a Discovery Order"—is not the correct basis for application of sanctions here. Nor was Defendants' decision to withhold the Records in February 2024 an example of disobeying a discovery order, because at that time, Defendants interposed a good faith objection to the discovery order by raising Mr. Reich's Fifth Amendment concern. And though Mr. Reich certainly did disobey court orders to appear at various conferences, *see* ECF Nos. 52, 60, 63, 66, 68, those orders also were not "discovery orders" within the meaning of Rule 37(b)(2)(A). Thus while Plaintiff's motion to preclude refers somewhat interchangeably to seeking potential sanctions under both Rule 37(b)(2)(A) and Rule 37(c)(1), *see, e.g.*, ECF No. 102 at 4, 5, the Court finds that Rule 37(c)(1)—covering sanctions for failure to provide information as required by Rule 26(a)—is the appropriate framework for the sanctions analysis.

motion *in limine*.  Yet at no point in any of the pretrial filings or at any of the pretrial

conferences with the Court did counsel say anything about the Records.  In particular, the

Records were never identified as a trial exhibit for the defense, despite the requirement of Rules

26(a)(3)(A)(iii) and 26(a)(3)(B) to identify all trial exhibits at least 30 days before trial.  And it is

not as though this disclosure requirement was a hidden obligation—the Court set a specific

deadline to file a proposed joint pretrial order and listed all of the necessary elements of the joint

pretrial order in the Court's Individual Practices; the submission of the proposed joint pretrial

order, with all of the required components, was designed to allow the parties to meet their Rule

26(a)(3) obligations.  When the parties filed their proposed joint pretrial order on May 30, 2023,

*see* ECF No. 45, Defendants did not list any documents that they intended to rely on as exhibits,

other than to reserve their right to use any of the exhibits listed by Plaintiff.  In short, this was

another point in the evolution of the case when Defendants not only could have, but were

required to, identify the Records if they intended to attempt to rely on the Records for purposes

of trial.[11]  Defendants did not say anything at that time, though, and again offer no explanation in

their submissions for why the Records were not disclosed.

### C.    Defendants' Failure to Timely Disclose the Records Was Not Substantially Justified or Harmless, and Sanctions Are Warranted

Rule 37 authorizes a court to preclude evidence or impose other sanctions for a violation

of Rule 26 "unless the failure [to disclose] was substantially justified or is harmless."  Fed. R.

Civ. P. 37(c)(1).  "The burden to prove substantial justification or harmlessness rests with the

dilatory party."  *Am. Stock Exch., LLC* v. *Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

---

[11] Of course, if Defendants had identified the Records for the first time in the joint pretrial order, Plaintiff likely would have sought to preclude the use of the Records at trial, just as he has here, and Plaintiff would have had strong arguments in favor of preclusion then too.

Defendants do not come close to demonstrating that their failure to disclose the Records—documents that are supposedly critical to their defense of this action—was substantially justified. Indeed, they offer no explanation whatsoever for why they apparently held on to the most important documents in the case, only to attempt to spring them on Plaintiff long after discovery had concluded, after pretrial submissions had been filed, and after they cycled through multiple attorneys in an effort to prolong the adjudication of this matter.  Nor do Defendants offer any rationale for why the lack of disclosure should be considered harmless.  There is no possible explanation—Plaintiff and his counsel have made choices throughout this case based on the discovery record as they understood it, and appropriately took steps to attempt to bring the case to trial and achieve finality.  Meanwhile, at a minimum, Defendants have not been diligent in their attention to this case, which has led to substantial delay and prejudice to Plaintiff. Accordingly, the Court finds that Defendants' violation of Rule 26 was not substantially justified or harmless.

When considering whether to impose preclusion or another sanction, courts consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance." *New York City Transit Auth.*, 588 F. Supp. 3d at 440-41 (cleaned up); *see also Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006); *Design Strategy, Inc.*, 469 F.3d at 296 (applying *Patterson* where a party failed to provide sufficient damages disclosures under Rule 26(a)(1)).  After considering each of these factors, the Court finds that preclusion is an appropriate sanction.

The first factor weighs in favor of preclusion, in light of Defendants' lack of any meaningful explanation for their failure to comply with the disclosure requirements.

Defendants' only explanation for non-production of the Records is tied to their decision not to turn over the Records in February 2024, because to do so allegedly would have implicated Mr. Reich's Fifth Amendment privilege to be free from self-incrimination.  ECF No. 103 at 2, 5.  But as set forth above, the failure that warrants the preclusion sanction here is not the choice to withhold the Records in February 2024—it is Defendants' complete disregard of their disclosure and pretrial preparation obligations under Rule 26 in 2022 and 2023.[12]  As discussed above, the Discovery Plan required Defendants to make their Rule 26(a)(1) disclosures—which should have included the Records—by no later than May 20, 2022.  Defendants also were required to provide the Records in advance of the July 19, 2022 mediation, and, if Defendants intended to rely on the Records for their defense of this case at trial, they were again obligated to disclose the Records pursuant to Rule 26(a)(3) as part of the proposed joint pretrial order in May 2023.  Yet Defendants offer no explanation whatsoever for any of these failures.

The second factor weighs against preclusion, because it appears that the Records are of great importance to Defendants' ability to present their case.  Plaintiffs are understandably skeptical that the Records actually exist, given that it makes no sense that Defendants would have produced several hundred pages of documents, only to withhold the documents that would be most helpful to the defense, even through multiple mediation efforts.  That said, counsel for

---

[12] In a remarkable (if equivocal) understatement, Defendants' counsel states that "Defendants do not deny that they may have dropped the ball throughout certain points of this litigation," but then proceeds to attribute these shortcomings to Mr. Reich's "stressful indictment that is far more significant for him and his family than civil litigation."  ECF No. 103 at 8.  The problems with this assertion are manifest.  Defendants' "dropping of the ball" in this civil litigation occurred more than a year before Mr. Reich was facing any criminal charges, and continued for months on end before any criminal charges were filed.  And this statement also dismissively ignores that for Plaintiff and his family, the civil lawsuit—which seeks to recover thousands of dollars in underpayments of wages to which Plaintiff claims he was entitled—is undoubtedly quite significant.

Defendants has represented that "[t]he promised records do actually exist," ECF No. 95, and the
Court accepts that assertion for purposes of this analysis.  Where evidence is of "obvious
importance" to a party's claims or defenses, the second factor weighs against preclusion.  *See*
*Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (summary order).

The third and fourth factors—the prejudice suffered by Plaintiff as a result of potentially
having to prepare to meet the new evidence, and the possibility of a continuance—weigh in favor
of preclusion.  Defendants' failure to disclose the Records plainly prejudiced Plaintiff, and
Defendants do not make any argument to the contrary.  Plaintiff has now spent over two years
litigating this case based on an understanding that the only payroll records at issue would be the
hundreds of pages that Defendants had produced at the appropriate time during discovery, and
Plaintiff was prepared to go to trial in June 2023 based on the universe of materials that was
understood to exist at that time (of course, Defendants *also* were prepared to go to trial in June
2023 based on that same universe of materials).  Allowing Defendants to rely on the Records at
this point would require reopening discovery with Defendants who have been anything but
cooperative in moving this case forward, and would inevitably delay even further a trial that
should have taken place nearly 18 months ago.  *See Design Strategy, Inc.*, 469 F.3d at 297
(finding that prejudice to the party seeking preclusion would have been "severe" because
allowing the information at issue into the case would have required reopening discovery).  A
continuance is always theoretically possible, but continuances are disfavored when there has
been such significant delay and the case is otherwise ready for trial.  *See id.* ("weighing heavily
on both the prejudice and possibility of continuance factors was the fact that discovery had been
closed for approximately one and a half years" and at the time of the belated offer of disclosure
"there was only a short time left before trial" (cleaned up)).  Here, discovery had concluded more

than 17 months before Defendants ever mentioned the Records, and the trial date had already

been adjourned twice.  There is no reason why Plaintiff should have to endure yet another delay

to accommodate Defendants' attempts to selectively comply with disclosure obligations on a

schedule that suits their own needs rather than the schedule set by the Court and the parameters

of the Federal Rules of Civil Procedure.

* * * * * * * * * *

In sum, while preclusion may be a harsh sanction, the egregious conduct by Defendants

in this case, the extreme delays caused by Defendants' disclosure failures, Defendants' total lack

of explanation for their conduct, and the prejudice to Plaintiff that would result from still further

delay all make preclusion the only appropriate sanction in this case.  For all of the reasons set

forth above, the Court finds that Defendants failed to provide information—specifically, the

Records—as required by Rules 26(a)(1)(A)(ii) and 26(a)(3) of the Federal Rules of Civil

Procedure, and that the failure was not substantially justified or harmless.  *See* Fed. R. Civ. P.

37(c)(1).  Accordingly, Defendants are "not allowed to use [the Records] to supply evidence on a

motion, at a hearing, or at a trial."  *Id.*

### D.    Additional Monetary Sanctions Are Not Warranted at This Time

Particularly given that the Court has granted the significant sanction of preclusion, the

Court finds that a further award of monetary sanctions pursuant to Rule 37(c)(1)(A) of the

Federal Rules of Civil Procedure is not warranted in connection with this motion.  The Court has

raised the prospect of sanctions at various points in this case, particularly when Mr. Reich was

ignoring the Court's orders to appear for conferences between June and September 2023, *see*

ECF Nos. 52, 60, 63, 66, 68, and then again when it appeared as though Defendants were

disregarding the Court's February 12, 2024 order to produce the Records for settlement purposes

only (before the Court was informed that there was a Fifth Amendment objection to the

19

production), *see* ECF No. 93.  But as previously noted, no sanctions are warranted for the assertion of Mr. Reich's Fifth Amendment rights, and Plaintiff's application for monetary sanctions in connection with the motion to preclude for failure to disclose is not an appropriate vehicle for awarding sanctions for Mr. Reich's failure to appear at the 2023 conferences.

Rule 37(c)(1)(A) permits, but does not require, the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure" to provide information required by Rule 26(a).  Defendants' failure to make timely disclosures—only to then raise the prospect of producing the Records in February 2024—unquestionably required some expenditure of resources by Plaintiff's counsel to attempt to restrict the late disclosure.  Specifically, counsel filed the motion to preclude, supporting affirmation, and memorandum of law, ECF Nos. 100-102, and the reply affirmation in support of the motion, ECF No. 109.  A substantial portion of the opening submissions, however, are dedicated to arguments that are more directly related to Defendants' motion for a stay of the civil action, and the reply affirmation is almost identical to the original supporting affirmation.  This militates against the imposition of any monetary sanction for this motion practice.  And while Plaintiff's counsel describes preclusion as a "lesser sanction" than the award of monetary damages, *see* ECF No. 102 at 14, 15, the Court disagrees with this characterization.  If the Records are as central to the potential defense of this matter as Defendants' counsel has suggested, the sanction of not permitting Defendants to rely on the Records at trial is far more consequential than a modest monetary penalty, and should serve as a clear deterrent to any further noncompliance in this case and/or potential similar conduct by Defendants in the future.  Accordingly, the portion of Plaintiff's motion that seeks monetary sanctions for expenses incurred as a result of Defendants' failures to disclose is DENIED.

That said, if the Court is required to consider a motion for default judgment at any future point in this case, the Court will entertain a renewed application for monetary sanctions for Mr. Reich's past failures to appear for conferences.  Accordingly, that portion of Plaintiff's motion for additional monetary sanctions is DENIED WITHOUT PREJUDICE.

## II.    Defendants' Motion for a Stay of the Civil Action Pending the Completion of the Criminal Proceedings Against Mr. Reich

In light of the passage of time and this Decision and Order precluding use of or reliance on the Records, Defendants' motion for a stay of this civil case during the pendency of Mr. Reich's criminal case is moot.  Whatever merit there may have been originally to Defendants' motion for a stay, there is no merit to such a motion now.  Mr. Reich has pled guilty and is awaiting sentencing, and there is no basis to believe that any facts at issue in this civil litigation will have any bearing on the sentencing proceedings.  In her October 18, 2024 filing in response to this Court's September 19, 2024 order, Defendants' counsel insisted that "a stay is necessary until sentencing," yet offered only the most conclusory of arguments to suggest why a stay is still needed, noting that "there are still unresolved issues that could impact both the criminal and civil proceedings," and highlighting that "there are ongoing discussions related to the determination of the loss amount, which remains an open matter."  ECF No. 114 at 1.  But Mr. Reich filed his sentencing submissions regarding the "loss amount" issue on November 13, 2024 and December 4, 2024.  *See* S.D.N.Y. Dkt. No. 24-cr-335 (KMK) at ECF Nos. 37, 39.  These filings have nothing whatsoever to do with payroll records for any of the corporate defendants in the civil action during the time period relevant to this case; rather, those submissions focus on the value of Mr. Reich's person real estate holdings and any interest that the non-government financial institution victim in the criminal case has in those properties.  *See id.*  Simply put, the remaining issues in the criminal case are quite far removed from anything that any Defendants here are

21

likely to introduce as evidence in defense of the civil action.  And in any event, as set forth

below, the Court is scheduling a trial in the civil action for a date months after Mr. Reich is set to

be sentenced.  Accordingly, if Mr. Reich testifies at trial in the civil action, he will do so well

after the criminal proceedings against him have concluded.  For all of these reasons, Defendants'

motion to stay the civil litigation during the pendency of Mr. Reich's criminal case, ECF No. 99,

is DENIED AS MOOT.

### III.    Next Steps in the Civil Litigation

The Court hereby sets the following dates and deadlines for trial and all pretrial

proceedings in this matter.  Because of the substantial delays in the resolution of this case, these

deadlines will not be changed absent a specific and compelling justification.  If the basis for a

requested adjournment is a scheduling conflict for counsel, that conflict must be identified with

specificity within seven days of the date of this order, or else such an application will be denied.

1. Jury selection will be held on **April 29, 2025** in Courtroom 250, with the trial to
   proceed immediately following the completion of jury selection.  Unless
   otherwise specified by the Court, the trial will continue each day from 9:00 a.m.
   until 5:00 p.m.

2. The parties' proposed joint pretrial order must be filed by **March 12, 2025**.
   Please review Section 6 of the Court's Individual Practices, *available at*
   https://nysd.uscourts.gov/hon-andrew-e-krause, for further instructions regarding
   the contents of the proposed joint pretrial order, and additional information about
   all other pretrial filings.

3. Counsel for each party must pre-mark their trial exhibits and provide the opposing
   party and the Court with a tabbed binder or binders containing courtesy copies of
   the party's trial exhibits and deposition designations by **March 12, 2025**.

4. The parties' joint proposed *voir dire* questions must be filed by **March 12, 2025**.

5. The parties' joint proposed requests to charge must be filed by **March 12, 2025**.
   The parties must jointly provide a proposed request to charge for each claim or
   defense to be presented to the jury.  Each proposed request to charge must
   indicate the authority for the requested instruction and, if a pattern instruction is
   used, whether the proposed instruction has been adapted or modified.

6. The parties' joint proposed verdict form must be filed by **March 12, 2025**.

7. The parties' joint proposed *voir dire* questions, requests to charge, and verdict form must each consist of a single document. To the extent a party objects to another party's *voir dire* questions, requests to charge, or verdict form, the joint submission must include the objecting party's ground(s) for objection and proposed alternative. In addition to filing the three joint submissions on ECF, the parties must send copies in Microsoft Word format to the Court via email to KrauseNYSDChambers@nysd.uscourts.gov.

8. Any motions *in limine* must be filed by **March 12, 2025**. All previously filed motions in limine will be denied as moot. To the extent the parties wish to have any of those issues considered by the Court, the motions must be refiled.

9. Responses to any motions *in limine* must be filed by **March 26, 2025**.

10. A final pretrial conference will be held on **April 8, 2025** at 10:00 a.m. in Courtroom 250.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to preclude is GRANTED, Plaintiff's motion for additional monetary sanctions is DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART, and Defendants' motion to stay is DENIED AS MOOT.

Trial in this case is scheduled to begin on April 29, 2024, with any new pretrial submissions to be submitted in accordance with the schedule detailed above.

The Clerk of Court is respectfully directed to mark the motion at ECF No. 99 as DENIED AS MOOT, the motion to preclude at ECF No. 100 as GRANTED, and the motion for sanctions at ECF No. 100 as DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART. In addition, the Clerk of Court is respectfully directed to mark the motion at ECF No. 41 as DENIED AS MOOT, and to terminate the motion at ECF No. 92, as that issue has been resolved by this Decision and Order.

A video status conference is hereby scheduled for February 10, 2025 at 10:30 a.m. via Microsoft Teams.  Any member of the public who wishes to attend the status conference may dial in to the conference using the following teleconference information: 1-646-453-4442; conference ID: 332 695 792#.  Video links will be sent separately to counsel for the parties.

Dated:  December 23, 2024
        White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge