UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LUIS SERGIO CAMACHO,

                      Plaintiff,                      22 Civ. 1156 (AEK)

      -against-                              **DECISION AND ORDER**

THE BARRIER GROUP INC., SUB
ENTERPRISES INC. d/b/a DRIP DROP
WATERPROOFING, and JOEL REICH,
as an individual,

                      Defendants.
------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

      Plaintiff Luis Sergio Camacho commenced this action on February 10, 2022, asserting claims against Defendants The Barrier Group Inc., Sub Enterprises, Inc. d/b/a/ Drip Drop Waterproofing, and Joel Reich for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on the failure to pay overtime wages and the failure to provide wage statements and notices.  ECF No. 1.[2]  Before the Court is the parties' application for approval of a proposed settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  ECF No. 128 ("*Cheeks* Mot."); ECF No. 137-1

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 34.

[2] In the parties' joint proposed pretrial order, ECF No. 121, and again on the record at the final pretrial conference in this matter on April 23, 2025, Plaintiff's counsel indicated that Plaintiff was no longer pursuing claims for the failure to provide wage statements and notices under the NYLL, and accordingly, the third and fourth causes of action in the complaint were dismissed with prejudice, *see* ECF No. 136.

("Proposed Settlement Agreement"). For the reasons that follow, the Court APPROVES the Proposed Settlement Agreement.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant;
> (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted).  "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the Proposed Settlement Agreement, having presided over numerous proceedings in this matter, and having considered the totality of the circumstances, the Court finds that the parties' Proposed Settlement Agreement is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval.  First, the Proposed Settlement Agreement provides for a total settlement payment of $75,000, with $49,350.67 payable to Plaintiff and $25,649.33 payable to Plaintiff's counsel as attorneys' fees and costs.  *Cheeks* Mot. at 4.  Plaintiff asserts that his maximum possible recovery on his FLSA and NYLL claims, were he to succeed at trial, would be $553,320—$276,660 in unpaid overtime wages and the same amount in liquidated damages.  *See Cheeks* Mot. at 2; ECF No. 121 at 3.  The $49,350.67 payable to Plaintiff pursuant to the Proposed Settlement Agreement constitutes approximately 9 percent of Plaintiff's maximum potential recovery at trial and approximately 18 percent of Plaintiff's alleged unpaid overtime wages.

Undoubtedly, these settlement figures are on the lower end, as a percentage of Plaintiff's alleged damages, of the range of recoveries commonly approved by district courts within the Second Circuit when evaluating potential agreements resolving FLSA and NYLL claims.  But since the parties only reached their agreement to settle this case on the eve of trial, after engaging in multiple rounds of motion practice before the Court, the Court is particularly well-versed in

the strengths and weaknesses of the claims and defenses, including the challenges that both sides would have faced in pursuing this case to verdict. Accordingly, based on the particular facts and circumstances presented here, the Court finds that the settlement figures are reasonable. *See Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-cv-7476 (AEK), 2023 WL 3993933, at *3 (S.D.N.Y. June 14, 2023) (approving settlement amounts of approximately 16 and 19 percent of two individual plaintiffs' unpaid wages, and approximately 8 and 9 percent of their total possible recovery); *see also Zorn-Hill v. A2B Taxi LLC*, Nos. 19-cv-1058, 18-cv-11165 (KMK), 2020 WL 5578357, at *4-5 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to 12.5 percent of the plaintiffs' best-case scenario recovery in case involving "major factual and legal litigation risks"); *Aguilar v. N & A Prods. Inc.*, No. 19-cv-1703 (RA), 2019 WL 5449061, at *1 (S.D.N.Y. Oct. 24, 2019) (approving settlement of $40,000 where the plaintiffs' estimated potential recovery was $570,000, based on, *inter alia*, a dispute about the plaintiff's exempt status and number of hours worked); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving settlement that would net the plaintiff approximately 13 percent of the maximum possible recovery amount (*i.e.*, $4,000 to the plaintiff out of a possible $29,820.41) where facts were disputed).

Second, the proposed settlement will enable the parties to avoid additional expenses and burdens associated with establishing their claims and defenses. This settlement was reached on the eve of trial, which allows the parties to avoid the time and expense of the trial itself, along with any post-trial motion practice and any potential appeals.

Third, both parties would have faced significant litigation risks at trial. Plaintiff intended to rely entirely on his own testimony—he was not planning to present any other corroborating evidence to support his claims, and there was certainly a risk that the jury would not credit

Plaintiff's testimony about the allegedly extensive hours he worked every week and how much he was paid by Defendants. Had the jury found Mr. Reich's testimony more credible, Plaintiff could have recovered nothing at all, or could have recovered less than the agreed-upon settlement amount. Moreover, given Mr. Reich's other pending legal matters, *see United States v. Reich*, 24-cr-335 (KMK) (S.D.N.Y.), there was a substantial risk that Plaintiff would have faced difficulty in collecting any judgment that he may have received at trial, *see Cheeks* Mot. at 2, 3, which "militates in favor of finding a settlement reasonable," *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *accord Tolentino v. Thai Smile Rest. Corp.*, No. 20-cv-8812 (AT), 2024 WL 307845, at *2 (S.D.N.Y. Jan. 26, 2024). Meanwhile, Defendants also were not going to be able to provide any documentary evidence to support Mr. Reich's testimony regarding payroll practices, a scenario that would have placed Defendants at a significant evidentiary disadvantage. Plaintiff also would have been able to impeach Mr. Reich's credibility with evidence of his criminal conviction for wire fraud, which likely would have taken on great significance in a case where the only evidence was going to be the testimony of the Plaintiff and Mr. Reich. Defendants also faced the risk of losing at trial and not only having to pay damages for the unpaid overtime wages, but also liquidated damages and attorney's fees. *Id.* Because of the anticipated risks and costs involved in pursuing this matter through trial and beyond, settlement is an effective means of resolving the litigation for both parties.

Fourth, there is no reason to doubt that the Proposed Settlement Agreement is the product of arm's-length bargaining between experienced counsel. Most recently, the parties appeared for a settlement conference before Magistrate Judge Kim P. Berg and were able to reach an agreement in principle shortly thereafter by accepting Judge Berg's mediator's proposal. *See*

*Cheeks* Mot. at 1. Further, Plaintiff is represented by counsel who have extensive experience litigating FLSA and NYLL cases, and Defendants also are represented by capable counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

As for the factors set forth in *Wolinsky* that weigh against approving a settlement, this is a case involving an individual Plaintiff—with the exception noted below, the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit. Given that the employment relationship between Plaintiff and Defendant has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The Court is aware, however, of one other instance of FLSA and NYLL non-compliance by Defendants Sub Enterprises, Inc. and Mr. Reich. *See Hernandez v. Sub Enter. Inc.*, No. 21-cv-1874 (RER) (E.D.N.Y. filed Apr. 7, 2021). That case was filed less than one year before this one, and the period of employment for the plaintiff in *Hernandez* overlapped entirely with Mr. Camacho's employment period. This is not a situation where the employer was sued for wage-and-hour violations years ago and then allegedly continued to engage in the same practices. Accordingly, given all the other factors that weigh in favor of settlement approval, the existence of the *Hernandez* lawsuit is not a sufficient reason for the Court to reject the proposed settlement here. As detailed above, the terms of this settlement are fair and reasonable for the Plaintiff in this action, and there are numerous reasons why settlement of this individual lawsuit is in the best interests of the parties. Further, the release in the Proposed Settlement Agreement does not impair the rights of any other individuals who may have valid claims against Defendants. While

it is certainly relevant that these Defendants faced another lawsuit from a different employee regarding their alleged failures to comply with federal and state wage-and-hour laws, that fact does not preclude approval of the settlement of this action when weighed against all the reasons why settlement is an appropriate and beneficial outcome for the parties here.

The Proposed Settlement Agreement also does not contain any problematic provisions that would preclude court approval.  There is no confidentiality language in the Proposed Settlement Agreement, and the release language is appropriately limited to the wage-and-hour claims asserted in this action and related claims that could have been asserted.  *See, e.g., Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).

With respect to attorneys' fees and costs, the Proposed Settlement Agreement provides for Plaintiff's counsel to receive $24,675.33 in fees—almost exactly one third of the total settlement amount net of costs—and $974 in costs.  *Cheeks* Mot. at 4.  "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases."  *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (cleaned up).  "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this [C]ircuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."  *Id.* (quotation marks omitted).  Appropriately, Plaintiff's counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application.  *See* ECF No. 128-2 ("Billing Records"); *see also Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiff's counsel spent a total of 111.7 hours on this case at rates from $175 to $425 per hour for attorney time and $75 for paralegal time, for a total lodestar fee of $27,365.[3] *See* Billing Records. The proposed attorneys' fee represents approximately 90 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case. *See Gervacio*, 2019 WL 330631, at *3 ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

In addition, Plaintiff's counsel seeks costs of $974. Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated. *See, e.g., Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (citations omitted). Of the fees counsel seeks, $402 is attributed to the filing fee, which is reflected on the docket and requires no additional substantiation. The remaining $572 is attributed to service (and attempted service) of the summons and complaint on each of the Defendants. *See Cheeks* Mot. at 4. Plaintiff has appropriately submitted an invoice to substantiate these costs. ECF No. 137-2. The Court finds that the request for costs is reasonable, as the costs are sufficiently substantiated and "of the type commonly reimbursed by courts in this District." *Cortes*, 2016 WL 3455383, at *6.

---

[3] Because the Court finds the requested fees to be reasonable, it will not address whether rates and number of hours expended by each attorney and paralegal on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the Proposed Settlement Agreement as filed at ECF No. 137-1 is hereby APPROVED.

Plaintiff's counsel is to receive $25,649.33, with $24,675.33 allocated to attorneys' fees and $974 to costs.  Plaintiff is to receive the balance of the settlement amount, or $49,350.67.

Because the Court has now approved the Proposed Settlement Agreement, it is hereby ordered that this action is dismissed, without prejudice to restoring the action to the Court's calendar provided the application is made within 30 days of this Decision and Order. Any application to reopen that is filed after 30 days from the date of this Decision and Order may be denied solely on that basis.

In accordance with the parties' intentions, as set forth paragraph 3 of the Proposed Settlement Agreement, the Court hereby retains jurisdiction for the purpose of enforcing the terms of the settlement agreement.

The Clerk of the Court is respectfully directed to close the case.

Dated: May 1, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge