UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LUIS SERGIO CAMACHO,

                Plaintiff,                22 Civ. 1156 (AEK)

      -against-                    **DECISION AND ORDER**

THE BARRIER GROUP INC., SUB
ENTERPRISES INC. d/b/a DRIP DROP
WATERPROOFING, and JOEL REICH,
as an individual,

                Defendants.

---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      The Court has reviewed Plaintiff's motion to enforce the judgment (ECF No. 144) and Defendants' response (ECF No. 146). The Court finds Defendants' response remarkable in multiple respects. First, Defendants' counsel admits that the attempt to tender the first payment under the Settlement Agreement (the "Agreement") was made two months after the May 8, 2025 due date, and yet somehow suggests that Plaintiff was in the wrong for not accepting this delinquent offer. Second, counsel contends that Defendants "remain committed to performing under the Agreement," and asks that Defendants be permitted to "resume monthly payments under the original schedule." Yet Defendants do not even acknowledge that they have missed multiple payments, which very much calls into question their purported commitment to performing under the Agreement. The first payment was due on May 8, 2025. The second payment was due 30 days later, on June 7, 2025. The third payment was due 30 days later, on July 7, 2025. The fourth payment is due 30 days later—today, August 6, 2025. In total, Defendants should have paid $22,187.50 to Plaintiff as of today. While the Court understands

that Mr. Reich is experiencing challenging circumstances due to his felony conviction and forthcoming sentencing, that was true at the time he entered into the Agreement on April 23, 2025.  Third, it is astonishing that, having entered into a settlement agreement that included a "confession of judgment provision" and language regarding entry of such judgment in the event of default, having submitted the Agreement to the Court for approval, and having had the Court approve the Agreement and retain jurisdiction over this matter (as requested by the parties) for purposes of enforcing the Agreement, Defendants would now assert arguments that suggest that the agreed-upon confession of judgment is unfairly punitive or otherwise somehow invalid, especially when Defendants have clearly and obviously violated the terms of the Agreement.

**A video status conference is hereby scheduled for August 14, 2025 at 12:30 p.m.  Mr. Reich must attend this conference, along with counsel for all parties.**

At the conference, Defendants must be prepared to state whether they are willing and able to make a payment of all monies owed under the Agreement as of August 14, 2025—$22,187.50, by the Court's calculation—by close of business on August 15, 2025.  If the answer to that question is yes, then the Court will inquire of Plaintiff's counsel whether Plaintiff would be willing to accept this "catch up" payment, with all remaining payments to continue as set forth in the Agreement (*i.e.*, the next payment would be due as scheduled on September 5, 2025).  The Court is suggesting this potential compromise solution in an effort to salvage the Agreement.  A "catch up" payment would ensure that Plaintiff starts to see some of the money owed to him without having to begin a time-consuming, costly, and uncertain collection process; it also would allow Defendants to make good on their supposed commitment to performing under the Agreement, and enable them to avoid the substantial risk that a judgment of $150,000 would be promptly entered against them.  If Defendants are not willing or able to make this

payment, or if Plaintiff rejects the idea, then the Court will rule on the pending motion in due course.  To be clear, the Court is not offering this suggestion as the starting point for a negotiation, or inviting any "counterproposal" from Defendants.  Defendants' dilatory tactics throughout this litigation have been well documented in prior decisions of the Court, and the Court will not entertain any further attempts to delay compliance with the Agreement.

The video conference will be conducted via Webex.  Links for the conference will be provided to counsel shortly in advance of the proceeding.  Any member of the public who wishes to attend the conference by telephone may do so by following these directions: (1) dial the meeting number: 1-855-244-8681; (2) enter the access code: 2312 503 5451; and (3) press pound, followed by pound again (##) to enter the teleconference as a guest.  Should counsel experience any technical issues with the teleconferencing system, please contact Chambers at (914) 390-4070.

Dated: August 6, 2025
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge